**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        **Petitioner,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:13-mc-35-Orl-31DAB**

**ROBERT L. KIBLER,**

        **Respondent.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PETITION TO ENFORCE IRS SUMMONS (Doc. No. 1)**
>
> **FILED:** **February 26, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On September 26, 2012, Revenue Officer Ira M. Steiner issued an Internal Revenue Service ("IRS") summons directing Robert L. Kibler to appear on October 17, 2012 to give testimony and produce records relating to tax liabilities for certain periods. Doc. 1.  Kibler failed to appear or otherwise comply with the summons. Doc. 1.  The IRS filed a Petition to Enforce his compliance on April 8, 2013.  Because the Court finds the Summons was properly issued and is enforceable, it is respectfully **RECOMMENDED** that the Petition to Enforce the IRS Summons be **GRANTED**.

**IRS Summons to Taxpayer**

The district courts of the United States have jurisdiction to enforce an IRS summons pursuant to 26 U.S.C. §§ 7402(b) and 7604(a)[1]. United States Magistrate Judges have authority to enforce obedience to an IRS summons to produce records or give testimony. *See* 28 U.S.C. § 636(b); Middle Dist. of Florida Local Rule 6.01(c)(11). A district court, asked to enforce an IRS summons, will initially consider whether the summons was issued pursuant to a legitimate purpose of an IRS investigation. The Service has been authorized to utilize the summons as an investigative device "(f)or the purpose of ascertaining the correctness of any return, making a return where none has been made, (or) determining the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a).

Section 7602 of the Internal Revenue Code represents a broad grant of investigatory power to the IRS which the Supreme Court has analogized to that of a grand jury which can investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *United States v. Powell*, 379 U.S. 48, 57 (1964). To obtain judicial enforcement of a summons, the government must establish that "(1) the investigation will be conducted for a legitimate purpose; (2) the material being sought is relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the IRS complied with all the administrative steps required by the Internal Revenue Code." *See United States v. Stoecklin*, 848 F. Supp. 1521, 1523-24 (M.D. Fla. 1994) (Moore, C.J.) (citing *Powell*, 379 U.S. at 57-58); *see also United States v. Medlin*, 986 F.2d 463, 466 (11th Cir. 1993). "This imposes a 'minimal burden' upon the IRS, which may be satisfied by merely presenting a sworn affidavit of the agent who issued the summons attesting to these facts." *Stoecklin*, 848 F. Supp. at 1524 (quoting *Medlin*, 986 F.2d at 466).

Once the IRS has made such a showing, the burden shifts to the party contesting the summons to disprove at least one of the four elements of the government's *prima facie* showing or to convince

---

[1]The statute provides:
  If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.
26 U.S.C. § 7604(a); *see also* 26 U.S.C. § 7402(b).

the court that enforcement would constitute an abuse of the court's process. *Stoecklin*, 848 F. Supp. at 1524 (citing *Medlin*, 986 F.2d at 466; *LaMura v. United States*, 765 F.2d 974, 979-80 (11th Cir. 1985)). "The burden on the contesting party is a heavy one which requires allegations of specific facts and the introduction of evidence." *Stoecklin*, 848 F. Supp. at 1524 (citing *United States v. Leventhal*, 961 F.2d 936, 939 (11th Cir. 1992)); *see United States v. Lee, Goddard & Duffy, LLP*, 528 F.Supp.2d 1005, 1007-08 (C.D. Cal. 2007) (petitioner who wishes to avoid enforcement of a summons must "disprove the actual existence of a valid civil tax determination or collection purpose by the Service," which is a very heavy burden).

The standard for defeating a petition to quash and for enforcing a summons is the same. *See, e.g.*, *Crystal v. United States*, 172 F.3d 1141 (9th Cir. 1999) (citing *Powell*, 379 U.S. at 57-58). Where the movant is unable to mount a substantial challenge to the validity of the summons, the district court may decide the matter on the pleadings with no further proceedings, and the summons should be ordered enforced post haste. *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392-93 (9th Cir. 1985).

**FACTS**

On April 8, 2013, the Internal Revenue Service (the "IRS") filed a Petition to Enforce its summons against Robert L. Kibler, pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) of the Internal Revenue Code. Doc. 1. On September 26, 2012, Revenue Officer Ian M. Steiner issued an IRS summons directing Kibler to appear on October 17, 2012 to give testimony and produce for examination and copying certain records set forth in the summons (hereinafter "the Summons"). Doc. 1-1. Revenue Officer Steiner served the Summons on Kibler by personal delivery on September 27, 2012. Doc. No. 1-1. The Summons was issued as part of an investigation of Kibler for the collection of tax liabilities for 2009 and the investigation into the collection of the individual federal civil penalty assessments for the periods ending June 30, 2010, September 30, 2010, and December 31, 2010.

The Summons requested: "All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or In which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period: From 06/01/2012 to 09/25/2012. Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts.· notes and judgments receivable, and all life or health insurance policies." Doc. No. 1-1. According to the Government, Kibler failed to appear or otherwise comply with the Summons on October 17, 2012. Doc. 1.

The IRS filed the Petition to Enforce the Summons on April 8, 2013. Doc. 1. The IRS alleges that the documents sought are not already in the possession of the IRS, that production is necessary in order to properly determine the federal tax liability of the Respondent for the given years, and that all administrative steps required for the issuance of the summons have been taken. Doc. 1. It is also averred that a Justice Department referral is not in effect as to Respondent for the years under investigation. Doc. 1-1. The Petition is supported by the declaration of Revenue Officer Ian M. Steiner made under penalty of perjury, and the summons itself. Doc. 1-1.

On April 12, 2013, this Court ordered Kibler to show cause within 20 days why the summons should not be enforced (Doc. 4); the IRS was ordered to serve the Order on Kibler, which it did on April 22, 2013, making the response due by May 13, 2013. No response has been filed. Because the IRS has made a satisfactory initial showing that the summons was issued for a legitimate purpose, that the information sought is relevant to that purpose, that the information sought is not already within the Commissioner's possession, and that the appropriate administrative steps have been followed, it is respectfully **RECOMMENDED** that an Order be entered compelling Respondent's compliance with the summonses by a date certain with Respondent ordered to produce all responsive documents

as set forth in the Summons issued to him on September 26, 2012**, under penalty of contempt or other sanctions including incarceration.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on this 14th day of May, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties